## FULLERTON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1914. Rehearing Denied May 18, 1914.)

### No. 2341.

CRIMINAL LAW (§ 678*)—TRIAL—INDICTMENTS.

Where two indictments were returned against accused for violating the White Slave Act (Act Cong. June 25, 1910, c. 395, 36 Stat. 825 [U. S. Comp. St. Supp. 1911, p. 1343]), but he had been arraigned and had pleaded only as to one of them, which was handed to the jury on their retirement to consider their verdict, it sufficiently appeared that the trial was had on that particular indictment, and there was no error in requiring accused to go to trial without an election by the district attorney as to which in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

dictment he would move for trial, or an order consolidating the two indictments.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1580–1583; Dec. Dig. § 678.*

Consolidation of and trial of indictments together, see note to Dolan v. United States, 69 C. C. A. 287.]

In Error to the District Court of the United States for the First Division of the Northern District of California.

Earl Fullerton was convicted of violating the White Slave Act, and he brings error. Affirmed.

Sea & Fallon, of San Francisco, Cal., for plaintiff in error.

John W. Preston, U. S. Atty., of San Francisco, Cal.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge. Two indictments were found against the plaintiff in error, under the act of June 25, 1910, known as the "White Slave Act." The indictments were numbered 5,262 and 5,274. The first was filed April 17, 1913, and the second was filed May 1, 1913. The following is stated as ground for reversing the conviction on indictment 5,274: That on June 13, 1913, while both indictments were in full force and effect, the plaintiff in error was brought to trial; that at that time no mention was made of the indictment under which he was to be tried; that when the jury retired to consider their verdict, the court handed them indictment No. 5,274, and they thereafter brought in a verdict of guilty on that indictment. A motion to set aside the verdict and a motion for a new trial were denied, and the plaintiff in error was thereafter sentenced.

There are assignments of error, all of which raise substantially the same question—whether it was error to go to trial in the absence of election by the district attorney, or an order consolidating the two indictments. We find nothing in the record of the court below to show that error was committed. Although there were two indictments pending, the only indictment on which the plaintiff in error was arraigned, and to which he pleaded, was indictment 5,274. This occurred on May 5, 1913. The first indictment is nowhere mentioned in the proceedings of the court below. The plaintiff in error could not have been tried on that indictment without arraignment and plea. When the case was called for trial, he must have known that he was about to be tried upon the indictment to which he had entered his plea of "not guilty." He made no suggestion of want of knowledge on that subject, and made no objection when the court handed to the jury indictment No. 5,274. We find no merit in the writ of error. The judgment is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes